1

2                              UNITED STATES DISTRICT COURT

3                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                       OAKLAND DIVISION

5

6    BRANDI MACIAS,                                 Case No:  C 09-0796 SBA

7                    Plaintiff,                     **ORDER GRANTING PLAINTIFF'S
                                                    MOTION TO REMAND AND
8           vs.                                     DENYING REQUEST FOR
                                                    ATTORNEYS' FEES AND COSTS**
9    CALIFORNIA LAW ENFORCEMENT
     ASSOCIATION, and DOES 1 through 20,            [Docket 7]
10   inclusive,

11                   Defendants.

12

13

14          The parties are presently before the Court on Plaintiff's Motion for Remand to State Court,

15   Attorneys' Fees and Costs.  Having read and considered the papers filed in connection with this

16   motion, and being fully informed, the Court hereby GRANTS the motion to remand and DENIES

17   the request for fees and costs.  The Court, in its discretion, finds this matter suitable for resolution

18   without oral argument.  See Fed.R.Civ.P. 78(b).

19   I.     BACKGROUND

20          Plaintiff Brandi Macias was previously employed as a police officer with the Fremont

21   Police Department.  In September 2005, she sustained a back injury due to an accident while on

22   duty.  In May 2007, the City of Fremont concluded that Plaintiff was disabled and entitled to

23   industrial retirement disability benefits.  Thereafter, Plaintiff applied for long term disability

24   benefits through Defendant California Law Enforcement Association ("CLEA"), which initially

25   accepted her claim.  However, in November 2007, the CLEA terminated her benefits, asserting that

26   it lacked sufficient information to conclude that she was disabled from performing all occupations.

27   Eventually, the CLEA completely terminated Plaintiff's benefits, effective April 22, 2008.

28

On January 13, 2009, Plaintiff filed a complaint against the CLEA in the Alameda County Superior Court for breach of contract and breach of the covenant of implied good faith and fair dealing.  On February 23, 2009, the CLEA removed the action to this Court on the basis that Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Plaintiff now moves to remand the action on the ground that the disability insurance program provided by the CLEA is not an "employee benefit plan" within the ambit of ERISA.  Pursuant to 28 U.S.C. § 1447(c), Plaintiff also seeks an award of attorneys' fees and costs that she has incurred in bringing this motion.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus, 980 F.2d at 566.

## III.   DISCUSSION

### A.   ERISA Preemption

A federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.   However, there exists "a corollary to the well pleaded complaint rule, known as the complete preemption doctrine."  Balcorta v. Twentieth Century Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000).  When a

1  federal statute "completely preempts the state law cause of action, a claim which comes within the

2  scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal

3  law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).  A completely preempted state law

4  claim is "removable under 28 U.S.C. § 1441(b), which authorizes any claim that arises under

5  federal law to be removed to federal court."  Id.

6      Removal is proper when any of the claims alleged in the pleadings are preempted by

7  ERISA.  See In re Miles, 430 F.3d 1083, 1088 (9th Cir. 2005).  Section 514(a) of ERISA preempts

8  "'any and all State laws insofar as they ... relate to any employee benefit plan'" governed by

9  ERISA.  See Golden Gate Restaurant Ass'n v. City and County of San Francisco, 546 F.3d 639,

10  648 (9th Cir. 2008) (quoting 29 U.S.C. § 1144(a)).[1]  To show that a state law cause of action is

11  preempted, the defendant must establish that the plaintiff's claims are based on a plan that qualifies

12  as an "employee welfare benefit plan" under ERISA.   Kanne v. Connecticut Gen. Life Ins. Co.,

13  867 F.2d 489, 492 n.4 (9th Cir. 1988).  If the cause of action is not preempted by ERISA, the case

14  must be remanded.  See Providence Health Plan v. McDowell, 385 F.3d 1168, 1171 (9th Cir.

15  2004).

16      An ERISA employee welfare benefit plan is defined as:  "(1) a plan, fund or program

17  (2) established or maintained (3) by an *employer or by an employee organization*, or by both,

18  (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability,

19  death, unemployment or vacation benefits, apprenticeship or other training programs, day care

20  centers, scholarship funds, prepaid legal services or severance benefits (5) to the participants or

21  their beneficiaries."  See Moideen v. Gillespie, 55 F.3d 1478, 1481 (9th Cir. 1995) (citing Kanne,

22  867 F.2d at 492) (emphasis added).  The plan must be one that is established or maintained by an

23  employer, an *employee organization*, or both. 29 U.S.C. § 1002(1).  An "employee organization"

24  under ERISA means: "any labor union or any organization of any kind, or any agency or employee

25  representation committee, association, group, or plan, in which employees participate and which

26

27      [1] "ERISA governs two types of employee benefit plans:  (1) 'pension' benefit plans and (2)
   'welfare' benefit plans."  Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1069 n.5 (9th Cir.

28  2005) (citing 29 U.S.C. § 1002(1)-(2)).  This case involves the latter type of plan.

exists for the purpose, in whole or in part, of dealing with employers concerning an employee

benefit plan, or other matters incidental to employment relationships; *or any employees'*

*beneficiary association* organized for the purpose in whole or in part, of establishing such a plan."

29 U.S.C. § 1002(4) (emphasis added).

Here, the CLEA contends that it fits within the definition of an employee beneficiary

association.  (Opp'n at 14.)  The Department of Labor ("DOL") has employed four criteria to

determine whether an employee organization constitutes an employee beneficiary association:

> (1)  membership in the association must be conditioned on
> employment status-for example, *membership is limited to employees*
> *of a certain employer or union*;
>
> (2)  the association has a formal organization, with officers, bylaws
> or other indications of formality;
>
> (3)  the association generally does not deal with employers; and
>
> (4)  the association is organized for the purpose of establishing a
> welfare or pension plan.

Mandala v. California Law Enforcement Ass'n, 561 F. Supp. 2d 1130, 1134 (C.D. Cal. 2008)

(citing DOL ERISA Op. Letter 79-19A at 2 (Mar. 15, 1979) (emphasis added).[2]

The parties dispute the first element of the DOL test, which focuses on whether the

association's members have a "commonality of interest" with respect to their employment.  See

Mandala, 561 F. Supp. 2d. at 1133.  In particular, "the [DOL] has interpreted the term [employees'

beneficiary association] … to mean an organization in which the members share a commonality of

interest with respect to their employment relationships, e.g., *employees of a single employer or*

*members of one union*."  (Cameron Decl. Ex. F, DOL ERISA Op. Letter  80-63A (Nov. 3, 1980)

(emphasis added).)  However, "mere employment or union membership" alone is insufficient.

Mandala, 561 F. Supp. 2d at 1135-36.  Rather, the individuals who stand to benefit from the plan

must be "tied by a common economic or representation interest *unrelated to the provision of*

---

[2] Though DOL opinion letters are not binding on the Court, they typically are entitled to a
high degree of deference.  See Bassiri v. Xerox Corp., 463 F.3d 927, 930 (9th Cir. 2006); Imada v.
City of Hercules, 138 F.3d 1294, 1297 (9th Cir. 1998).  Both parties agree on the DOL standard set
forth above.

1  *benefits*."  Id. (citing <u>Wisconsin Educ. Ass'n Ins. Trust v. Iowa State Bd. of Public Instruction</u>, 804

2  F.2d 1059, 1063 (8th Cir. 1986)) (emphasis added).

3       In this case, the CLEA has not met its burden of demonstrating that its members share the

4  requisite commonality of interest for purposes of establishing the existence of an employee

5  beneficiary association governed by ERISA.  The Plan documents indicate that coverage under the

6  CLEA's Plan is broadly available to persons employed in law enforcement agencies located

7  throughout the state.  Specifically, the Plan is open to (1) all CLEA member associations

8  throughout California and (2) individual sworn police officers who are not members of an

9  association eligible to participate in the CLEA Plan.  (Floyd Decl. Ex. A ¶¶ 4.03, 4.07; <u>see also</u> <u>id.</u>

10  Ex. B ¶¶ 3.41, 7.1.)[3]  Plan Participants may include "*any* employee of a police department," as well

11  as "a peace or law enforcement officer" employed by any local entity in California.  (<u>Id.</u> Ex. A

12  ¶ 4.03 (emphasis added); <u>id.</u> Ex. B ¶ 7.1.)  Both sworn officers as well as unsworn civilian

13  employees also are identified as qualified Participants.  (<u>Id.</u>)[4]

14       It is evident from the Plan documents that membership in the CLEA Plan is *not* limited to

15  employees of a *single employer* or members of *one union*, as is required for an employee

16  beneficiary association.[5]  Rather, a qualifying Participant may be employed by any number of

17  different local entities in any number of job positions, and belong to different unions throughout

18  the State of California.  Sworn law enforcement officer as well as any other person employed by a

19  police department in a civilian capacity may seek coverage under the CLEA Plan.  While the

20  CLEA all members may work in law enforcement in some capacity, courts have held such a

21  showing to be insufficient to demonstrate a common interest that is unrelated to the provision of

22   

23      [3] A "Participating Association" must be a Charter Association, Regular Association or Independent Association, as those terms are defined in the Plan document.  (Id. ¶¶ 4.03-4.06.)

24      [4] Without citation to the record, the CLEA argues that only "sworn peace officers" may be
25  CLEA members, and therefore, its members have a commonality of interest.  (Opp'n at 14.)  This assertion is contradicted by the Plan documents proffered by the CLEA.  It is also contradicted by the CLEA's acknowledgement that CLEA members include persons who are *not* sworn peace
26  officers.  (Opp'n at 14, 18 n.6.)  Though the CLEA characterizes the number of such individuals to be "de minimus," as Plaintiff points out, the actual number amounts to hundreds of employees.
27  (<u>See</u> Floyd Decl. ¶¶ 3, 15.)

28      [5] Neither party disputes the applicability of the DOL letters discussed in this Order.

benefits.  See Mandala, 561 F. Supp. 2d. at 1135-36 (ruling that the CLEA Plan was not governed by ERISA because membership was open to all law enforcement employees); see also Wisconsin Educ. Ass'n Ins. Trust, 804 F.2d at 1063 (plan open to union and non-union members was not an employee beneficiary association under ERISA); Greenwood v. Hartford, 471 F. Supp. 2d 1049, 1052-53 (C.D. Cal. 2007) (plan covering association of dental hygienists was too broad to be considered an ERISA "employee organization").  The Court thus concludes that the CLEA has failed to meets it burden of establishing that Plaintiff's claims are preempted for purposes of establishing removal jurisdiction.

**B.    Attorneys' Fees**

Plaintiff requests that the Court award attorneys' fees and expenses incurred in filing the present motion to remand.  Title 28, United States Code, section § 1447(c), authorizes the Court to "require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  An award of fees and expenses is appropriate where a defendant's removal petition lacks any reasonable basis in law or fact.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, Plaintiff contends that sanctions should be imposed on the ground that the CLEA's arguments in support of removal jurisdiction are the same as those that were considered and rejected in Mandala.  (Mot. at 14.)   However, this Court is not bound by the decision of another district court and is free to consider the issues independently.  The Court also disagrees with Plaintiff's assertion that the CLEA is collaterally estopped from presenting the same arguments here as in Mandala.  In order for collateral estoppel to apply, there necessarily must have been a final judgment on the merits.  See Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).[6]   The Mandala court's decision, which concluded that removal jurisdiction was absent, is not a final judgment on the merits.  See Whitman v. Raley's Inc., 886 F.2d 1177, 1181 (9th Cir.

---

[6] The elements of collateral estoppel are:  (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.  See Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

1989) (remand on the grounds that the claim was not preempted does not have preclusive effect with respect to a preemption defense); <u>Nutter v. Monongahela Power Co.</u>, 4 F.3d 319, 322 (4th Cir. 1993) (remand order has no preclusive effect since there is no appellate review for remands under section 1447(c)); <u>see also</u> <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 129 S.Ct. 1862, 1866 (2009) (no appellate review allowed for remands under section 1447(c)).  While the Court ultimately has concluded that removal jurisdiction is lacking, the Court also finds that the removal was not objectively unreasonable in fact or law.  <u>See</u> <u>Mandala</u>, 561 F. Supp. 2d at 1136 n.7 (denying request to impose fees under section 1447(c) against the CLEA).

**IV.    CONCLUSION**

The Court concludes that the CLEA has failed to carry its burden of demonstrating that Plaintiff's state law causes of action are preempted by ERISA.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's motion for remand is GRANTED. Plaintiff's request for an award of attorneys' fees and costs is DENIED.  The Clerk shall remand this case to the Alameda County Superior Court and close the file.

IT IS SO ORDERED.


Dated:  June 5, 2009                                    _____
                                                                           Hon. Saundra Brown Armstrong
                                                                           United States District Judge